Argued October 16; reversed December 3, 1935

MIDDLEKAUFF ET AL. *v.* GALLOWAY ET AL.

(52 P. (2d) 197)

*C. M. Huddleston,* of Corvallis (Middlekauff & Huddleston, of Corvallis, on the brief), for appellants.

*Willis S. Moore,* Assistant Attorney General (I. H. Van Winkle, Attorney General, on the brief), for respondents.

BAILEY, J. The question presented for our determination is whether the amounts received in 1931 and 1932 by Alice H. Middlekauff, one of the appellants, from a trust estate located in the state of Iowa and there administered by a trustee, are subject to the tax im-

posed by the intangible income tax act of 1931 of this state.

According to the admitted facts, the will of Jennie Hornick, which was executed and probated in the state of Iowa, created a trust fund, which upon the settlement of the estate was turned over to the Security National Bank of Sioux City, Iowa. The trust estate consists of both tangible and intangible property, having its situs for taxation in that state. The trustee appointed by the Iowa court has its domicile in that state and has the sole and exclusive control of the trust estate and its investments, all of which are located in Iowa. Alice H. Middlekauff "has no title or interest in or to the corpus of said trust estate, either present or future". By the terms of the trust, the trustee is required, after paying the taxes against the corpus of the trust and the expenses of administration of the trust, including fees of attorneys and of the trustee, to turn over periodically to Alice H. Middlekauff one-half of the net income of the trust.

Under the laws of the state of Iowa in force during the times herein mentioned, the intangible property of an estate was taxed at the rate of five mills on the dollar of its actual valuation: §§ 6984 and 6985, Code of Iowa, 1931. The intangible property constituting the corpus of the trust was taxed on that basis in the state of Iowa for the years 1931 and 1932, and the tax was paid by the trustee.

On or about April 1, 1932, and the same date in 1933, the appellants, O. Middlekauff and Alice H. Middlekauff, his wife, filed with the Oregon state tax commission their joint tax returns for the years 1931 and 1932 respectively, which returns purported to include all income received by them during those years, subject both to personal income tax and intangible income tax.

They reported having received no net income from intangibles during either of those years, but the amount received by Mrs. Middlekauff under the will of Jennie Hornick was reported for the year 1932 as income subject to the personal income tax, and tax was paid thereon accordingly. Thereafter, on January 29, 1934, the plaintiffs, at the request of the Oregon state tax commission, filed an amended return of their combined income for the year 1931, and included therein as income subject to the personal income tax the amount received by Mrs. Middlekauff from the trust estate in Iowa for that year.

The Oregon state tax commission, dissatisfied with this classification of the amounts received by Mrs. Middlekauff during the years 1931 and 1932 from the Iowa trust estate, assessed against the plaintiffs additional taxes for the years 1931 and 1932 based upon its construction of the law to the effect that the amounts so received by her represented income on intangibles and were therefore subject to a tax of 8 per cent in Oregon under the intangible income tax act. To these additional assessments were added interest and penalty.

The purpose of the legislature in enacting the intangible income tax law of 1931 is set forth in the preamble to that act, as follows:

"Whereas it appears that intangible personal property, represented by money and credits in various forms, is held by residents of Oregon in total value comparable to the value of all the real property in the state; and

"Whereas the ownership and possession of intangible personal property represents a benefit under the protection of government which appears not less valuable and secure than that enjoyed in the ownership and possession of property of any other class or kind; and

''Whereas the income consistently derived from intangible personal property represents a distinct taxpaying ability which, in justice and sound reason, should bear a fair share of the cost of government; and

''Whereas the general property tax system, in its pretense of taxing intangible personal property by the same rule and method applying to real estate and tangible personalty, is pitifully ineffectual because of inherent defects in theory and insuperable obstacles in administration; and

''Whereas there is a proper and insistent demand for a fair and efficient method of taxing the income from intangible personal property, in lieu of the archaic and impracticable ad valorem tax on the property itself, to afford a measure of relief to the owners of real estate and tangible personalty who now carry an unjust and distressful tax load; * * * therefore * * *'' then follows the enacting clause. [Chapter 335, Oregon Laws, 1931.]

Before the enactment of the intangible income tax law, intangibles owned and controlled by residents of this state and such intangibles as had their situs for taxation purposes in this state were subject to an *ad valorem* tax in like manner as real property and tangible personal property located in this state. The legal fiction of *"mobilia sequuntur personam"* was applied in Oregon, as in many other states, to determine the situs of intangible personal property for taxation purposes, in the instance of such intangibles as had not acquired a fixed situs for taxation elsewhere. Attempts to tax intangible personal property on an *ad valorem* basis proved unsuccessful, due in part to the fact that the tax in many instances if applied according to the mandate of the law would equal or exceed the income received from the intangibles. It was deemed only proper and right that those who received dividends or interest on the property which the legisla-

ture saw fit to define as intangibles should pay to the state a certain percentage of the interest and dividends so received, in those cases in which such property had its situs for taxation in this state.

From the wording of the intangible income tax act of 1931 it is apparent that the tax therein provided for was intended to apply only to those instances in which the state of Oregon had the right to levy an *ad valorem* tax on such intangibles. And, as already noted, the state had a right to levy an *ad valorem* tax on intangibles which had acquired a situs for taxation in the state of Oregon, whether owned or controlled by residents or nonresidents of the state, and, in addition, on such intangibles as were owned and controlled by residents of the state and had not acquired a definite situs for taxation elsewhere. The purpose of the state in enacting this law, as previously observed, is borne out by the language of § 36 of the 1931 enactment, which reads as follows:

"The tax on income from intangibles imposed by this act shall be in lieu of general property taxes on all intangibles, as defined in this act, and the same shall not be assessed for taxation as personal property for the year in which the income therefrom is or may become liable to taxation under this act."

It will be necessary to refer further to the act itself, in order to ascertain the intention of the legislature in this regard.

An annual tax at the rate of 8 per cent is imposed with respect to the taxpayer's net income as defined by the act: § 3. Net income is defined to mean the gross income of the taxpayer from intangibles "less the deductions allowed by this act": § 7. And by § 8, "the term 'gross income' includes all interest and dividends derived from intangibles as defined in § 2 of this act".

According to subdivision 9 of § 2, "the word 'intangibles' means and includes money at interest, bonds, notes, claims, demands and all other evidences of indebtedness, secured or unsecured (not including open accounts), including notes, bonds or certificates secured by mortgages, and all shares of stock in corporations, joint stock companies or associations".

It is to be noted that the only income on which the tax is assessed is that represented by interest or dividends on intangibles as defined by the act. By § 4 the intangible income tax is imposed upon all nonresident individuals and corporations "with respect to the taxpayer's net income as herein defined, *having a situs for taxation within the state of Oregon* during the tax year". Section 6 provides that "the tax imposed by this act shall apply to estates and trusts, which tax shall be levied, collected and paid annually on and *with respect to the income from intangibles of estates and trusts*". Subdivision 2 of § 6 makes a fiduciary responsible "for making the return of income from the estate or trust, whether such income be taxable to the estate or trust, or to the beneficiaries thereof".

In the instance of a trust administered in Oregon the beneficiary of which is not a resident of this state, only the income from such intangibles of the trust as have a situs for taxation within the state is subject to the tax: § 6, subdivision 4.

Section 14 of the act provides in part as follows:

"Every fiduciary, except receivers appointed by authority of law in possession of part only of the property of a taxpayer, shall make under oath a return for the individual or estate or trust for whom he acts, as follows:

&ast; &ast; &ast; &ast; &ast;

"3. If he acts (a) for an estate or trust the income of which is to be distributed to the beneficiaries pe-

riodically; or (b)  *  *  *;  and any beneficiary of such estate or trust who receives or is entitled to a distributive share of the income of the estate or trust.''

Were the trust created by the will of Jennie Hornick being administered in the state of Oregon instead of Iowa, under the same conditions as it is in that state, the interest and dividends received by the trust estate on the intangibles owned and held by the trust would be subject to the intangible income tax of this state, regardless of where the beneficiaries of the trust reside. This is as we construe the law and as stated by counsel for the state tax commission in oral argument. Were the state of domicile of a nonresident beneficiary, in the instance above stated, to subject the income to another tax, the situation would be the same as we now find in this case, with this exception: here the state tax commission is seeking to impose on the income derived from both tangible and intangible property the intangible income tax.

In the instant case the intangible property owned by the trust estate in Iowa there not only is subject to, but has actually paid, an *ad valorem* tax for the years 1931 and 1932. Such intangible property could not be and is not subject to a tax of any kind in this state. So far as the state of Oregon is concerned, it matters not whether the income received by Mrs. Middlekauff is derived from intangible personal property or from real property.

Let us examine for a moment what property rights Mrs. Middlekauff owns. The facts, as admitted, are that she does not own or have any interest in or control of the corpus of the trust. The management of the investments of this trust property is entirely controlled by the trustee. Her right is to have distributed

to her by the trustee one-half of a certain fund as provided by such trustee.

Her right to an aliquot part of this fund may be considered as intangible personal property, but it is questionable whether such right comes within the definition of "intangibles" contained in the 1931 enactment. But, even if considered as such, it is only the interest or dividend on the intangibles that is subject to the tax. Mrs. Middlekauff has received no interest or dividends on this right to a part of the net income of the trust estate. The amount due her has been paid to her, we must assume, as provided by the trust agreement. To the effect that she has no interest in the corpus of the trust, but only in a fund as created by the trustee, see *Anderson v. Wilson,* 289 U. S. 20 (53 S. Ct. 417, 77 L. Ed. 1004).

Reference has hereinabove been made to numerous sections of the 1931 enactment relative to the duties of fiduciaries under existing trusts. That the state of Oregon can not exercise any jurisdiction over the trustee in this case is obvious. There is no requirement that the trustee, an Iowa bank, report to the Oregon state tax commission the net amount received annually by it from this trust as interest or dividends on intangibles. And we know of no way by which the beneficiaries can require it to report to them those facts.

The state tax commission apparently does not consider that it matters whether the income received by a beneficiary from a foreign trust is made up of interest and dividends from intangibles or income from tangible personal property and real property. So far as the beneficiary personally is concerned, the reasoning is correct. Nor should the state of Oregon be interested, if the beneficiary has no interest in or control over the corpus of the Iowa trust estate. Nothing

that such beneficiary could do would subject the corpus of the trust to a tax in this state. It has a fixed situs elsewhere for taxation and does not avoid contributing its share to pay the costs of government.

That the legislature understood that the 1931 enactment did not cover incomes from nonresident trusts would appear from the amendment made in 1933 to § 8 of the act, reading as follows:

"The term 'gross income' includes all interest and dividends derived from intangibles as defined in section 2 of this act, *including intangibles income derived through resident and nonresident estates and trusts by the beneficiaries thereof.*"

The part in italics was added by the amendment (§ 1, chapter 32, Oregon Laws, 1933, Second Special Session).

In our opinion the legislature in enacting the intangible income tax act of 1931 did not intend to subject this income to the tax provided by that act, and the terms of that act are not broad enough to include a tax on income such as derived by Mrs. Middlekauff from the Iowa trust estate.

It is not here necessary to pass on the question of whether or not the construction placed by the tax commission on this income tax law would subject the corpus of the trust to a double tax. The observation made by the court in *Safe Deposit & T. Co. v. Virginia,* 280 U. S. 83 (74 L. Ed. 180, 50 S. Ct. 59, 67 A. L. R. 386), is, however, appropriate to our discussion. In the opinion therein it was said:

"It would be unfortunate, perhaps amazing, if a legal fiction originally invented to prevent personalty from escaping just taxation, should compel us to accept the irrational view that the same securities were within two states at the same instant and because of this to uphold a double and oppressive assessment."

We are not called upon to decide whether the income received by Mrs. Middlekauff from the Iowa trust is subject to the personal income tax of this state, as she has already paid such tax and it is not here in review.

It follows that the decree appealed from should be reversed. It is so ordered.

BEAN, KELLY and RAND, JJ., concur.

CAMPBELL, C. J. (dissenting). The sole question presented by this appeal is whether or not the appellants should be taxed on the item "Income from Fiduciaries", appearing in their tax returns for the years 1931 and 1932, under the intangibles income tax law (chapter 335, Oregon Laws, 1931).

"Section 3. A tax hereby is imposed upon every resident individual and corporation, which tax shall be levied, collected and paid annually at the rate of 8 per cent with respect to the taxpayer's net income as herein defined." Laws of 1931, Chapter 335.

It will be observed that the tax is a personal tax levied according to the taxpayer's ability to pay measured by his net income from intangibles. The appellant, Alice H. Middlekauff, has some interest in the trust estate from which the income is derived. The complaint alleges that she "has no title or interest in or to the corpus of the trust estate". Assuming that this allegation of the complaint is true, then her interest must fall within some of the items within the definition of intangibles as laid down by the statute.

"9. The word 'intangibles' means and includes money at interest, bonds, notes, claims, demands and all other evidences of indebtedness, secured or unsecured (not including open accounts), including notes, bonds or certificates secured by mortgages, and all shares of stock in corporations, joint stock companies,

or associations." Chapter 335, § 2, sub-sec. 9, Oregon Laws, 1931.

If said appellant's interest in said trust estate is an intangible interest, it is taxable. The said appellant has "claims" or "demands" against the trustee for one-half of the net income from the trust estate. The net income of the trust estate is that which is left in the hands of the trustee after deducting taxes against the estate, attorney's fees, trustee's fees, and other costs of administration. When this net income is ascertained and declared, one-half thereof becomes the absolute property of said plaintiff and the trustee ceases to have any control or direction over it. One-half of the net income so declared is then subject to the control and direction of said appellant. The situs of this income is then in the state where the owner is domiciled— in this case, in Oregon. It is for the privilege of owning and the protection afforded to them and their property, that the appellants are required to contribute to the costs of government.

It would serve no useful purpose to analyze and distinguish the many different cases cited in appellant's brief, or the many cases which have reached the courts of last resort of the various states and of the United States on this subject. The general principle that permeates them all is to the effect that taxation is for the support and maintenance of the functions of governmental activities and should be borne by those having the ability to pay in proportion to that ability and the benefits derived. It is not practical to apportion the burden with mathematical equality, but the law is satisfied if approximate justice is done.

Appellant relies on *Redfield v. Fisher,* 135 Or. 180 (292 P. 813, 295 P. 461, 73 A. L. R. 721). All that was decided in that case was that a tax on individuals, measured by their gross income from intangibles, is a

tax on property, and as taxes were not levied on corporations similarly on the same class of property the statute imposing such tax was in violation of the constitution.

In 1931, the legislature, by chapter 335, Oregon Laws, 1931, removed the objectionable features of the 1929 law on which *Redfield v. Fisher,* supra, was based, and provided for a tax measured by the net income derived from intangibles. The only issue presented in the briefs in the instant case is whether the income under consideration is derived from intangibles or is a personal income as defined by the statute.

The legislature at its session in 1929 attempted to provide a comprehensive system of taxation whereby the residents of the state should be required to pay toward the costs of government, in addition to taxes levied against real property, a just proportion of such costs in accordance with the taxpayer's ability to contribute as measured by his income. The income was divided into three classes: (1) The income of corporations known as the excise law; (chapter 427, General Laws of Oregon, 1929, as amended by chapter 273, Oregon Laws, 1931, *General Construction Company v. Fisher,* 149 Or. 84 (39 P. (2d) 358, 97 A. L. R. 1352) ; (2) Personal income (chapter 448, General Laws of Oregon, 1929) ; .(3) Income of individuals derived from intangibles (chapter 429, General Laws of Oregon, 1929).

The first class was levied as an excise tax imposed upon corporations for the privilege of doing business within the state, and was measured by the amount of income derived from such business transactions.

The second was intended as a tax on the individual measured by his personal income as defined therein.

"The term 'net income' means the gross income of the taxpayer less the deductions allowed by this act.": § 5, chapter 448, Laws of 1929.

"Section 6. 1. The term 'gross income' includes gains, profits, income derived from salaries, wages or compensation for personal service, of whatever kind and in whatever form paid, or from professions, vocations, trades, business, commerce or sales, or dealings in property, whether real or personal, growing out of the ownership or use of or interest in such property; also from interest, rent, dividends or the transaction of any business carried on for gain or profit, or gains or profits, and income derived from any source whatever, within the state of Oregon, and also from such personal property as would regularly have its situs for taxation inside the state of Oregon and be lawfully taxable therein. The amount of all such items shall be included in the gross income of the tax year in which received by the taxpayer, unless, under the methods of accounting permitted under this act, any such amounts are to be properly accounted for as of a different period.

2. The term 'gross income' does not include the following items, which shall be exempted from taxation. under this act:

(a) Interest, dividends and/or other income which may be otherwise taxed by this state as income of the taxpayer.

    \*     \*     \*     \*     \*

(d) The value of property acquired by gift, bequest, devise or descent (but the income from such property shall be included in gross income).'' Chapter 448, Laws of 1929.

The third was a tax levied upon the individual resident within the state measured by the taxpayer's gross income derived from intangibles. These different classes of taxes were levied as a just contribution required to be made by the individual or corporation for the privilege of doing business within the state, and enjoying the protection of its laws to themselves and their property.

There were some provisions in the law relating to the taxing of individuals in reference to their incomes

from intangibles, that did not comply with the constitutional requirements relative to taxation being equal and uniform on certain classes of property which invalidated the statute: *Redfield v. Fisher*, supra. These objectionable features were eliminated by chapter 335, Laws of 1931.

Much stress is laid by appellant on certain statements in the preamble of the act. Preambles to legislative enactments are sometimes valuable as an aid to the court in determining the intention of the legislative body. If the preamble to chapter 335, supra, means anything, it indicates an effort on the part of the legislature to compel those who had been dodging their duty to help finance the government of the state—to contribute according to their ability to pay. However, speaking for myself only, and not for the court, it is frequently found that the preamble was intended to fulfill the same purpose as the sugarcoat does to a bad tasting pill. The appellants are residents of the state. They receive and are protected in the enjoyment of an income from which they have not contributed a just share to the support of the government under which they live. They are willing to pay in that class where the levy is the lower, the personal income tax act, Oregon Code 1930, § 69-1501, *et seq.*

The income derived from the trust estate is not in any sense the product of the personal efforts, either mental or physical, of the recipient (*McPherson v. Fisher*, 143 Or. 615 (23 P. (2d) 913)), and should be classified as an intangible income in accordance with the statutory as well as the ordinary meaning of intangibles.

The decree of the circuit court should be affirmed.

ROSSMAN and BELT, JJ., concur.