Argued December 13, 1939; reversed February 20, 1940

# MIDDLEKAUFF ET AL. *v.* GALLOWAY ET AL.

## (99 P. (2d) 24)

In Banc.

*Ralph R. Bailey* and *Carl E. Davidson*, Assistant Attorneys General (I. H. Van Winkle, Attorney General, on the brief), for appellants.

*C. M. Huddleston*, of Corvallis (O. Middlekauff, of Corvallis, on the brief), for respondents.

LUSK, J. The question presented on this appeal is whether net income, received in 1934 and 1935 by a

resident of this state from intangibles held in a testamentary trust administered in the state of Iowa, is liable to a tax under the Intangibles Tax Act of 1931, Oregon Laws 1931, Ch. 335, as amended by Oregon Laws 1933, Ch. 394, and Oregon Laws 1933, Second Special Session, Ch. 32, codified in title LXIX, Ch. XIV, Oregon Code Supp. 1935. The beneficiary of the trust is the plaintiff Alice H. Middlekauff, who, with her husband, the plaintiff O. Middlekauff, filed joint income tax returns from which the income in question was omitted. The State Tax Commission assessed additional taxes on account of such income; the plaintiffs sued to enjoin their collection, and the circuit court entered a decree in their favor from which the Commission has prosecuted this appeal.

The trust and taxpayers are the same as in *Middlekauff v. Galloway*, 151 Or. 671, 52 P. (2d) 197. The tax years involved in that case were 1931 and 1932, and it was there held that the tax had been unlawfully assessed because the 1931 act, as it then stood, did not provide for the taxation of income from a non-resident trust. The assessments now challenged were, as stated, for the calendar years 1934 and 1935, and the question is governed by the amended legislation which contains a provision not in the original act that gross income shall include "intangibles income derived through resident and nonresident estates and trusts by the beneficiaries thereof." (§ 69-1424, Oregon Code Supp. 1935.) The tax is imposed "upon every resident individual * * * with respect to the taxpayer's net income as herein defined" (§ 69-1420, *ibid*), and net income means "gross income" minus deductions allowed by the statute (§ 69-1423, *ibid*).

■ Notwithstanding this language it is urged by the plaintiffs that the former Middlekauff case requires us to hold that the law does not reach the income here in question. We think this contention is without merit. The opinion in that case was concerned only with the intention of the legislature found in the law as originally enacted, and cannot now be invoked as authority to override a different intention clearly manifested.

The plaintiffs assert that the case decides that the act applies only where the state of Oregon has the right to levy an *ad valorem* tax on intangibles which produce the income. This is true with respect to the meaning of the law before the 1933 amendment. The decision deals with nothing else. The provision of the law that the tax on income from intangibles should be in lieu of general property taxes on intangibles (Oregon Laws 1931, Ch. 335, § 36), along with other provisions mentioned in the opinion, was thought to support that construction. But, whatever may have been said *arguendo* regarding the legislative intention, the court did not hold that the legislature could not, by appropriate language, give expression to, and enforce, an intention to tax the income from intangibles located elsewhere than in this state. The reference in the opinion to the 1933 amendment (151 Or. 679), which was effective at the time of the decision but not applicable to the tax years involved, demonstrates that the court was aware that, with the amendment to be taken into account, a different question would be presented. And since the legislature has now declared, in language free from uncertainty, that gross income includes income received from a non-resident trust, it is obvious that the provision that the intangibles tax shall be in lieu of an *ad valorem* tax must be regarded as without applica-

tion to intangibles located elsewhere which this state has no power to tax or to relieve from taxation.

From the assumption that the act imposes a property tax, and not an income tax, it is argued that the state is without jurisdiction to levy the tax unless the property which produces the income is within its borders. The original Intangibles Tax Act of 1929 was held to impose a property tax in *Redfield v. Fisher*, 135 Or. 180, 290 P. 813, 295 P. 461, 73 A. L. R. 721; and on that basis the law was declared unconstitutional because corporations were exempted from its provisions. *McPherson v. Fisher*, 143 Or. 615, 23 P. (2d) 913, sustained the present law before its amendment. It was there assumed, though not decided as plaintiffs assert, that the tax was a property tax. The decision in the Redfield case that the 1929 act imposed a property tax was largely induced, as the opinion on petition for rehearing shows, by the fact that the tax was assessed against gross income. The law now under consideration measures the tax by net income. Whether that is a decisive ground of distinction or not we need not consider. We are concerned only with the practical operation of the tax, not with name by which it may be called.

In the case of *Graves v. New York ex rel. O'Keefe*, 306 U. S. 466, 480, 83 L. Ed. 927, 59 S. Ct. 595, 120 A. L. R. 1466, decided in 1939, the court said: "The theory which once won a qualified approval that a tax on income is a tax on its source is no longer tenable." Accordingly, the court there sustained an income tax imposed by the state of New York on the salary of an employe of a governmental corporation as against the claim that the tax laid an unconstitutional burden on the federal government. In the earlier case of *New York ex rel. Cohn v. Graves*, 300 U. S. 308,

81 L. Ed. 666, 57 S. Ct. 466, 108 A. L. R. 721, it was held that an income tax upon rents received in New York by a resident thereof from New Jersey property did not violate the 14th Amendment of the Federal Constitution because the tax was not laid upon the land but upon income from the land. The reasons supporting this view are thus admirably stated by Mr. Justice Stone:

"Neither analysis of the two types of taxes, nor consideration of the bases upon which the power to impose them rests, supports the contention that a tax on income is a tax on the land which produces it. The incidence of a tax on income differs from that of a tax on property. Neither tax is dependent upon the possession by the taxpayer of the subject of the other. His income may be taxed, although he owns no property, and his property may be taxed although it produces no income. The two taxes are measured by different standards, the one by the amount of income received over a period of time, the other by the value of the property at a particular date. Income is taxed but once; the same property may be taxed recurrently. The tax on each is predicated upon different governmental benefits; the protection offered to the property in one state does not extend to the receipt and enjoyment of income from it in another."

To the same effect are *Maguire v. Trefry,* 253 U. S. 12, 64 L. Ed. 739, 40 S. Ct. 417; *Lawrence v. State Tax Commission,* 286 U. S. 276, 76 L. Ed. 1102, 52 S. Ct. 556, 87 A. L. R. 374; *Miles v. Department of Treasury,* 209 Ind. 172, 199 N. E. 855; *Hunton v. Commonwealth,* 166 Va. 229, 183 S. E. 372, 101 A. L. R. 1359; *Ryan v. Commonwealth,* 169 Va. 414, 193 S. E. 534; *Diefendorf v. Gallet,* 51 Idaho 619, 10 P. (2d) 307; *Marshall v. South Carolina Tax Commission,* 178 S. C. 57, 182 S. E. 96.

■ In both the legal and economic aspects of the subject the reasoning of these cases is, in our opinion, conclusive. We think that the tax is what it purports to be—a tax on income and not on the intangibles which produce it.

■ Being so, the jurisdiction of this state to impose the tax cannot be questioned. "Domicile in itself establishes a basis for taxation." *New York ex rel. Cohn v. Graves*, supra; *Lawrence v. State Tax Commission*, supra; *Maguire v. Trefry*, supra; *Ross v. McCabe*, 166 Tenn. 314, 61 S. W. (2d) 479. The case is unlike *Safe Deposit and Trust Company of Baltimore v. Commonwealth of Virginia*, 280 U. S. 83, 74 L. Ed. 180, 50 S. Ct. 59, 67 A. L. R. 386, cited by the plaintiffs, because there the attempt of Virginia was to tax the corpus of a trust in Maryland, the income of which was to be accumulated, not distributed. The jurisdiction of the state of Oregon to assess the challenged tax rests upon Mrs. Middlekauff's residence here and the protection afforded her by the laws of this state in the right to receive, the receipt and the enjoyment of the income.

■ The plaintiffs contend that the tax is in reality assessed against Mrs. Middlekauff's legacy, which cannot be made liable for the payment of an income tax. The will gave and bequeathed a sum of money to a trustee in Iowa with directions to invest and to pay to Mrs. Middlekauff periodically the net income from a portion of the fund. The trustee holds full legal title to the fund. Mrs. Middlekauff was given no future estate in remainder and has no interest in the corpus aside from a right in equity to compel the performance of the trust: *Haas v. Holman*, 143 Or. 141, 21 P. (2d) 795; *Anderson v. Wilson*, 289 U. S. 20, 77 L. Ed. 1004,

53 S. Ct. 417. That, no doubt, is a valuable right, and, we may assume, subject to an inheritance tax. (See § 10-628, Oregon Laws 1930.) But the moneys paid her constitute income taxable as such: *Bull v. United States*, 295 U. S. 247, 79 L. Ed. 1421, 55 S. Ct. 695; *Helvering v. Butterworth*, 290 U. S. 365, 78 L. Ed. 365, 54 S. Ct. 221. With the latter case was decided *Pardee v. Helvering*. Both cases involved the right to impose a federal income tax upon moneys received by the beneficiaries of a testamentary trust. In the Butterworth case the trust provided, as here, for the payment of net income from the trust to the beneficiary; in the Pardee case there was a fixed annuity payable at all events. The court drew a distinction between the two. Payments made under the former were held subject to income tax; those made under the latter were said to be "not distribution of income, but in discharge of a gift or legacy". No adequate reason has been suggested why we should not follow the decision in the Butterworth case. It accords with the provision of the Intangibles Income Tax Act to the effect that the tax on income of a trust distributed to a beneficiary periodically shall be paid by the beneficiary (§ 69-1422, Oregon Code Supp. 1935, 1 (d), 4). In our opinion the interest and dividends received by Mrs. Middlekauff from the intangibles in the trust are no more to be treated as a legacy under the Inheritance Tax Law than they would have been had the intangibles themselves been bequeathed to her. Compare *Anderson v. Wilson*, supra.

█ The corpus of the trust is taxed by Iowa on an *ad valorem* basis, and from this it is argued by plaintiffs that there is double taxation in violation of the 14th Amendment. Mere duplication does not make taxation invalid: *Illinois Central Railroad Co. v. State of*

*Minnesota,* 309 U. S. 157, 60 S. Ct. 419, 84 L. Ed. —, decided January 29, 1940; *Fort Smith Lumber Co. v. State of Arkansas ex rel. Arbuckle,* 251 U. S. 532, 533, 64 L. Ed. 396, 40 S. Ct. 304; *Standard Lumber Co. v. Pierce,* 112 Or. 314, 339, 228 P. 812; 1 Cooley Taxation 476, § 223; 26 R. C. L. Taxation 262, §§ 231, 232. In taxing stock of national banking corporations a state may deduct the value of real property owned by the bank in the taxing state and refuse to make the like deduction on account of real estate owned and taxed elsewhere without violating constitutional guarantees: *Commercial National Bank v. Chambers,* 182 U. S. 556, 45 L. Ed. 1227, 21 S. Ct. 863. Similarly, a tax on the stock of foreign railroad corporations, which is not levied against the shares of domestic railroad corporations, is not invalid because the property and franchises of the foreign corporations are taxed elsewhere: *Kidd v. State of Alabama,* 188 U. S. 730, 47 L. Ed. 669, 23 S. Ct. 401. It was said in the latter case: ''No state is bound to make its tax laws harmonize with those of other states. If property is untaxed by its laws, then for the purpose of its laws it is not taxed at all.'' But, if, as the consequence of doubling a tax, discrimination or want of uniformity results, the law is invalid, not because the tax is double, but because, being so, it contravenes some constitutional guaranty. See, *Ellis v. Frazier,* 38 Or. 462, 63 P. 642, 53 L. R. A. 454. As we have seen, Mrs. Middlekauff has no interest in the securities and other properties held by the trustee, and the tax assessed by the state of Iowa does not touch the moneys received by her and taxed by the state of Oregon. If there can be said to be double taxation at all, it is not unconstitutional double taxation.

On the basis of the principles announced in the authorities cited it follows that ,the tax does not, as the plaintiffs contend, violate the guaranty of equal protection in either the federal or the state constitution or the requirement of uniformity in the ,state constitution. As to the federal questions, the decision of the Supreme Court of the United States in *Guaranty Trust Co. v. Commonwealth of Virginia*, 305 U. S. 19, 83 L. Ed. 16, 59 S. Ct. 1, forecloses discussion. It was there held by a unanimous court, affirming *Ryan v. Commonwealth,* supra, that assessment of an income tax by Virginia upon income received by a resident of the state from a trust in New York—which income had already been taxed in that state—violates neither the due process nor the equal protection clause of the 14th Amendment. Mr. Justice McReynolds, speaking for the court, said:

"The mere fact that another state lawfully taxed funds from which the payments were made does not necessarily destroy Virginia's right to tax something done within her borders."

Much has been said in argument concerning the construction to be placed upon the provisions in the statute imposing a tax on non-residents. But, as we are not dealing with non-residents in this case, we decline to enter upon that field of debate. It is enough to decide the case before us.

Other matters are urged by the plaintiffs, but only one which calls for discussion. The plaintiffs having failed to make a return of the income in question, the Commission, acting pursuant to the authority granted it by Subd. 8 of § 69-1442, Oregon Code Supp. 1935, made a determination of such income, according to its best information and belief, from transcripts of the records

of the proceedings in the Iowa trust. For the period from January 1, 1934, to April 1, 1934, it was necessary to estimate the income, as the information for that period was not obtainable. At the hearing in the circuit court the plaintiffs introduced no evidence as to the amount of the contraverted income. They admit that they received some income, but they assert that the Commission's determination shows on its face that it is wrong, and therefore the assessment is invalid.

The Commission's determination was made in good faith, and, in the absence of assistance from the plaintiffs, on the basis of the best information obtainable. The presumption is that it is correct, even though a part of it was, of necessity, an estimate. If it is the law that the Commission must demonstrate the correctness of its determination, then an easy avenue of escape from income taxes has been opened up. But we do not understand that to be the law. On the contrary, the taxpayer, who knows or should know the amount of his own income, has the burden of proving that the Commission has erred: *Beneficial Loan Society v. Tax Commission*, ante p. 211, 95 P. (2d) 429; *United States v. Anderson*, 269 U. S. 422, 70 L. Ed. 347, 46 S. Ct. 131; *Reinecke v. Spalding*, 280 U. S. 227, 74 L. Ed. 385, 50 S. Ct. 96; *Burnet v. Houston*, 283 U. S. 223, 75 L. Ed. 991, 51 S. Ct. 413; *Commissioner v. Bonwit*, 87 F. (2d) 764; *Morsman v. Commissioner*, 90 F. (2d) 18, 113 A. L. R. 441; *H. Liebes & Co. v. Commissioner*, 90 F. (2d) 932; *People ex rel. Beck Hazzard, Inc., v. Gilchrist*, 220 App. Div. 362, 221 N. Y. S. 683. Since the plaintiffs have chosen to remain mute on the subject the only evidence in the case as to the amount of the income is that contained

in the Commission's determination, which must be accepted by the court as correct.

For the reasons given the judgment of the circuit court is reversed and the cause remanded, with directions to enter judgment for the defendants.

RAND, C. J., and ROSSMAN, KELLY, BELT, BEAN and BAILEY, JJ., concur.