14437

HADDEN *ET AL.* v. SOUTH CAROLINA TAX COMMISSION

(190 S. E., 2249)

October, 1936.

46

*Messrs. John M. Daniel, Attorney General,* and *Claude K. Wingate,* for appellant,

*Mr. J. D. O'Bryan,* for respondents,

February 11, 1937.

The opinion of the Court was delivered by Mr. JUSTICE BAKER.

For the reasons stated in the order of Honorable Philip H. Stoll, Judge of the Third Judicial Circuit, which will be reported, and for the additional reasons hereinafter set out, the judgment appealed from is affirmed.

There are three well-recognized principles of law applicable to this case: (1) This Court is not a law-making body; (2) where a tax statute is ambiguous

or is reasonably susceptible of an interpretation that would exclude the person or subject sought to be taxed, any substantial doubt must be resolved against the government in favor of the taxpayer; and (3) the construction given a statute by those charged with the duty of executing it is always entitled to the most respectful consideration, and ought not to be overruled without cogent reasons. As to (1), citation of authority is unnecessary. As to (2), in addition to the cases cited in the order of Judge Stoll, we call attention to the recent case of *Cooper River Bridge, Inc., v. South Carolina Tax Commission et al.,* 182 S. C., 72, 188 S. E., 508. As to (3), we have given the identical language of the Court in *Read Phosphate Co. v. S. C. Tax Commission,* 169 S. C., 314, 168 S. E., 722, and *City of Spartanburg v. Leonard,* 180 S. C., 491, 186 S. E., 395.

In the order of Judge Stoll, he refers to the surtax levied on dividends under the Act of 1933. In the brief of appellant, it is stated that the taxes in question were levied under Section 2, Subdivision (e), approved the 16th day of April, 1934 (38 St. at Large, p. 1572), "being in the nature of an amendment to the Act of 1933. * * *" The Act of 1934 merely raised the nontaxable interest and dividends from $100.00 to $200.00, and made changes in the percentage rate at which the excess is taxable.

As hereinbefore stated, we think the Circuit Judge reached the correct conclusion in interpreting this statute, especially applying the principle that any substantial doubt should be resolved in favor of the taxpayer.

Under the statute law of this State (Section 2456, Code 1932), "returns shall be in such form as the Tax Commission may from time to time prescribe," it being inferentially the duty of the tax commission to furnish the taxpayers with blank forms on which to make their returns. The tax commission so understood its duty, and prepared and sent out forms for individual income tax

returns for the calendar year 1935. On such form, under the title "Income," item 3 reads as follows:

"(a) Interest

"(All interest, except on obligations of the United States and the State of South Carolina or Political Subdivisions of the State of South Carolina) (Attach itemized schedule)

"(b) Dividends

"(Except dividends of National Banks or Banks of the State of South Carolina) (Attach itemized schedule)."

Item 4 is as follows:

"Income from Partnerships or Fiduciaries, Etc.

"(Give Name and Address of Partnership, Etc.)"

Under the title "Computation of Tax, Surtax on Intangibles," Item 18 is as follows:

"Interest and Dividends (Item 3 (a) and (b)—"); and Item 19 is as follows:

"Less Exemption ........................\$200.00"

It will thus be seen that the tax commission, appellant herein, has placed the same construction on the income tax statutes as does the order appealed from, and as appellant is charged with the duty of executing the statute, the construction which it gave the statute is entitled to most careful consideration, and will not be overruled without cogent reasons.

As stated in the beginning, this Court is not a law-making body. Such function of government is entirely within the province of the legislature. If the income tax laws are deficient, relief will have to be obtained from that body.

All exceptions are overruled.

MR. CHIEF JUSTICE STABLER and MESSRS. JUSTICES CARTER, BONHAM and FISHBURNE concur.