No. 15,430.

LAVINGTON, TREASURER ET AL. *v.* GANO

(150 P. [2d] 312)

Decided July 3, 1944.

Mr. GAIL L. IRELAND, Attorney General, Mr. H. LAW-RENCE HINKLEY, Deputy, Mr. GEORGE K. THOMAS, Assistant for plaintiffs in error.

Messrs. BROCK, AKOLT & CAMPBELL, Mr. ROBERT A. DICK, Messrs. BARTELS, BLOOD & BANCROFT, for defendants in error.

Messrs. LEWIS & GRANT, Messrs. PERSHING, BOSWORTH, DICK & DAWSON, Mr. FRITZ A. NAGEL, Messrs. HUGHES & DORSEY, Mr. THOMAS KEELY, Messrs. DINES, DINES & HOLME, Mr. STEPHEN H. HART, amici curiae.

*En Banc.*

MR. JUSTICE BURKE delivered the opinion of the court.

THESE parties appeared in reverse order in the trial court. They are hereinafter referred to as the treasurer, the director, and Gano, respectively. The Bankers Trust Company of New York City is referred to as the trust

512

company and one Lillie Compson Weare, deceased, as Weare.

Weare left her estate to the trust company. Gano, a resident of Colorado, was one of the beneficiaries. During the years 1938 to 1941, inclusive, she received, through the trust, dividends totaling over $20,000. She paid the normal income tax thereon, but refused to pay the surtax assessed by the director. The trial court held with her and to review the judgment entered accordingly the treasurer and director prosecute this writ. The facts are not in dispute. The five assignments present a simple question of law, i. e., Was this income derived from the trust or from intangibles? If the former the judgment must be affirmed, if the latter it must be reversed.

The corpus of the estate, owned by the trust company as trustee, consists entirely of intangibles, and the sole function of the trust company under the will of Weare is to collect and distribute to the named beneficiaries. The statute by virtue of which the director claimed the right and duty to issue the deficiency assessment for the surtax reads: "In addition to the tax imposed by this section, a surtax without exemption or deduction for any cause, at the rate of two per centum (2%) is hereby imposed upon so much of the income of every individual resident of Colorado as *may consist of dividends* from corporate stock, royalties, interest from money, notes, credits, bonds and other securities." S. L. '37, c. 175, § 2 (a).

That the corpus of the Weare estate is owned by the trust company and income therefrom is income from it is a mere fiction based upon a naked legal title, an ownership in law, but none in fact. If the intangibles produce income, Gano gets dividends, if not, the trust company owes her nothing and she gets nothing. Hence her income, in fact, is produced by, and comes to her from, the intangibles, and the trust company is a mere collection agent. That in order for it to so function

effectively it was necessary or advisable that it be vested with the legal title is immaterial. The state, in the levy and collection of taxes, its life blood, looks through all such fictions and puts its finger on the producing property and its beneficial owner.

By chapter 2, article 4, Session Laws 1941, page 66, the administration of the income tax law was transferred from the treasurer to the director and the latter was empowered to make regulations for his department governing collections. By his Bulletin No. I-T; MM: 1, section 19-B, sections 1 and 2, he provided: "1. Surtax shall be collected from every resident beneficiary of any estate or trust to the extent that the amount distributed or distributable consists of interest, dividends or royalties.

"2. The foregoing applies to resident beneficiaries of nonresident estates or trusts."

██ ██ If interpretation of said section 2 (a) as applied to the income here in question is necessary we think, in the light of section 13 (a), c. 175, S.L. '37, the director's interpretation as disclosed by said bulletin is inescapable. Said section 13 (a) provides, inter alia: "The net income of an estate or trust shall be computed in the same manner and on the same basis as in the case of an individual, except that * * * (2) There shall be allowed as an additional deduction in computing the net income of the estate or trust the amount of the income of the estate or trust for its taxable year which is to be distributed currently by the fiduciary to the beneficiaries * * *." It is clear that if Gano received this income direct instead of through the agency of the trust company, the surtax claimed would be collectable. That the Legislature intended to grant special favors to certain taxpayers whose income should be diverted so as to flow to them through the channel of a foreign trust does such violence to common experience that such a holding would only be justified if the intent of the lawmakers were expressed in the most unequivocal lan-

guage. "The person who enjoys the benefits of the income is the party against whom the statute is directed." *Ross v. McCabe,* 166 Tenn. 314, 61 S.W. (2d) 479. We think the holding of the Supreme Court of Oregon is to the same effect, the only distinction being that in the statute of that state the phrase used is "derived from" whereas ours reads "consists of." *Middlekauff v. Galloway,* 163 Ore. 671, 99 P. (2d) 24. If this distinction justifies a different construction we should adopt that "which will best effectuate the legislative intent," and we entertain no doubt as to that intent. *Fifteenth St. Inv. Co. v. People,* 102 Colo. 571, 581, 81 P. (2d) 764.

■ Some weight should also be given to the interpretation of the director as set forth in his bulletin, supra, if we are convinced, as we are, that it does not clearly contravene the statute. *Craftsman P. & D., Inc. v. Carpenter,* 111 Colo. 1, 137 P. (2d) 414. And since for the past six years that interpretation has been applied by the department, the rule of contemporaneous construction is properly invoked. 59 C.J., p. 1025, §609; *People ex rel. v. Hinderlider,* 98 Colo. 505, 57 P. (2d) 894; *United States v. Cerecedo Hermanos y Compania,* 209 U. S. 337, 28 Sup. Ct. 532, 52 L. Ed. 821.

■ As supporting their contention that the income here in question is from the trust and not from intangibles counsel for Gano cite: *Hadden v. S. C. Tax Com.,* 183 S. C. 38, 190 S.E. 249; *Middlekauff v. Galloway,* 151 Ore. 671, 52 P. (2d) 197; *Bayley v. Harvey,* 111 Vt. 339, 16 A. (2d) 192. We have examined these authorities and think they are not in point. Our reasons therefor need not be given because, admitting the contrary, we believe they would run counter to the Colorado legislative intent and we would not follow them.

The judgment is reversed and the cause remanded for further proceedings in harmony herewith.