## No. 16,335.

ROGERS, PRESIDENT ET AL. *v.* CITY AND COUNTY OF DENVER ET AL.
(217 P. [2d] 865)

Decided April 17, 1950.

Mr. ROBERT J. KIRSCHWING, for plaintiffs in error.

Mr. J. GLENN DONALDSON, Mr. ABE L. HOFFMAN, for defendants in error.

*In Department.*

MR. JUSTICE STONE delivered the opinion of the court.

PLAINTIFF Mulqueen, with whom others were joined, alleged that he was an officer in the fire department of the City and County of Denver; that he was injured while off duty and that as a result of said injury he was unable to report back to work from April 21, 1948, until May 12, 1948, when he resumed his duties in the department; that he received no salary from the City and County of Denver during the period of his disability, and that proper officers of the city, who were joined as parties defendant, had failed and refused to certify, audit, and allow payment of his salary for said period, and sought declaratory judgment as to his right thereto. Issue was joined by answer, defendants pleading in bar section 308 (1927 compilation) of the charter of the City and County of Denver, and alleging that the complaint failed to state a claim upon which relief could be granted. Judgment below was adverse to plaintiffs' contentions, and reversal is here sought.

■ The parties are in agreement that pursuant to section 2, article XX, of the Constitution of the State of Colorado, and section 319 of the charter of the City and County of Denver, members of the fire department are officers, because their salaries are fixed by charter pursuant to constitutional provision, both parties citing *McNichols v. People ex rel. Cook,* 95 Colo. 235, 35 P. (2d) 863. Defense is based solely on the ground that the right of plaintiff Mulqueen to salary during disability resulting from injuries incurred while off duty has been barred by said section 308 of the Denver charter, which reads as follows: "All members of the police and fire department shall be entitled to and shall receive full pay for such time as they may be temporarily incapacitated from service, on account of injuries received or sickness contracted while in the performance of their duties as members of said department, said allowance or pay to be approved by the chief of said department and the proper examining physician, they shall also be entitled to a vacation of fifteen days each year with full pay during such time." This section, say defendants in error, by necessary and conclusive inference, prohibits the payment of salary during disability or illness not contracted in the performance of duty.

■ Plaintiffs in error make no denial of the right of the city, under said section, to deny salary to an officer during illness or disability incurred outside the performance of his duties, and state in their brief that, "The crucial question in this case is the legal effect to be given to Section 308 of the Denver Charter." However, they contend that said section 308 does not terminate or suspend the salary during such disability. They assert that in the absence of that section the stated salary is an incident to, and existing right of, the office; that the provisions of said section requiring full payment to firemen while temporarily incapacitated from service on account of injuries received or sickness contracted while in the performance of their duties can only by implica-

tion be held as denying such payment to one temporarily incapacitated on account of injuries received or sickness contracted while not in the performance of his duties, and that the old maxim, "the expression of one is the exclusion of another," does not here apply in that the reassertion in part of a right otherwise existing in law does not by implication operate to exclude the remainder of the right not so reasserted.

For the purpose of this case, we shall accept without further exploration the conclusion of both parties hereto, that a member of the fire department of the City and County of Denver is a public officer. We shall also accept without further exploration their assumption that by virtue of section 2, article XX, of our Constitution, the city may by charter properly restrict or prohibit the payment of salary to such officers during periods of absence from duty resulting from sickness or injury, and that the one ultimate question here involved is the construction of section 308, supra.

Plaintiffs in error rely on *People ex rel. v. Hinderlider*, 98 Colo. 505, 57 P. (2d) 894, wherein we said in substance that the maxim, "the expression of one is the exclusion of another" is not applicable to a statute merely affirming existing law.

Defendants in error, contending to the contrary, rely on *Mason v. City of Los Angeles,* 130 Cal. App. 224, 20 P. (2d) 84, and *Walsh v. Bridgeport,* 88 Conn. 528, 91 Atl. 969, Ann. Cas. 1917B, p. 318. Both these cases involved the right of firemen to salary. In the former case, the salary of members of the Los Angeles fire department was fixed by city ordinance. It was sought by mandamus to compel payment of plaintiff's salary, and the court said, inter alia, "It would seem, too, that that part of section 135 which says that 'any person,' i. e., any officer or employee, 'restored to duty or reinstated in his position after suspension or removal * * * shall be entitled to receive full compensation from the city the same as if such suspension or removal had not been

made,' makes the inference conclusive that except for such provision the persons therein named would not be entitled to compensation during the period they have been wrongfully suspended or removed." In Walsh v. Bridgeport, a member of the fire department sought to recover his salary during the period he was incapacitated by illness not arising out of his employment. Under authority to regulate salaries, an ordinance was passed providing in part as follows: "The board of fire commissioners may continue, in their discretion, the salary of any officer or member of the fire department who shall have received any injury while in the performance of his duty incapacitating him from performing his usual duties in said department." Another ordinance established a yearly salary for the position occupied by plaintiff. It was held that the two ordinances must be read together, and as to the above quoted provision of the former ordinance, the court said: "The last clause, which gives the board of fire commissioners power, in their discretion, to continue the salaries of members during their incapacity resulting from injuries received while in the performance of their duties, makes the inference conclusive that but for this provision they would not be entitled to their salaries during such incapacity, nor during the time they failed to perform their duties because of incapacity not received while in the performance of their duties."

■■ The maxims and rules of construction all work toward one end, namely, the determination of legislative intent. In the instant case, we think it beyond serious question that when the people provided by charter that members of the police and fire department should be entitled to pay while incapacitated from causes contracted in the performance of their duties they intended that they should not be so paid when incapacitated from causes not so incurred; otherwise that provision of the charter was without purpose or mean-

ing and constitutes a vain and useless multiplication of words.

The judgment is affirmed.

MR. CHIEF JUSTICE HILLIARD, MR. JUSTICE JACKSON and MR. JUSTICE ALTER concur.