No. 19,780.

ARTHUR S. BOWMAN, ET AL., AS MEMBERS OF CIVIL SERVICE
COMMISSION, ET AL. *v.* IVAN ELDHER, ET AL.
(369 P. [2d] 977)

Decided March 26, 1962.

Mr. DONALD E. KELLEY, City Attorney, Mr. JAMES H.
SNYDER, Assistant, for plaintiffs in error.

Messrs. ZARLENGO, ZARLENGO & SEAVY, for defendants in error.

*En Banc.*

MR. JUSTICE PRINGLE delivered the opinion of the Court.

THE parties are here in reverse order of their appearance in the trial court where plaintiffs in error were defendants and defendants in error were plaintiffs. They will be referred to as they there appeared, or by name.

On December 30, 1958, Schooley, the Manager of Safety of the City and County of Denver, issued a directive requiring all members of the Denver Fire and Police Department to become electors of the City and County of Denver before July 1, 1960. At the time of the issuance of the directive many members of the Denver Police Department were resident outside the city limits of Denver. Schooley took the position that he was required to issue the directive by the express terms of Section 298 of the Denver Charter.

Plaintiffs were members of the Police Department of the City and County of Denver, residing outside the city limits of Denver, and brought this action as a class to determine their rights and status under Section 298 of the Charter and to restrain the Civil Service Commission, the City and County of Denver and Schooley from enforcing the directive.

■ The sole question before the Court is "Does Section 298 of the Charter of the City and County of Denver require police officers to be electors of the City and County of Denver?" We hold that it does not.

Section 298 (now C. 5.1, 1960 Rev.) of the Denver Charter reads as follows:

"QUALIFICATIONS OF ELECTIVE OFFICERS.

(Section 149) Except as herein otherwise provided, when elected, officers must be not less than 25 years

old and citizens of the United States for five years, and all officers, in addition to other qualifications required, must be electors of the city and county."

When originally adopted in 1904, the section did not contain the title phrase, "QUALIFICATIONS OF ELECTIVE OFFICERS." In the compilation of 1906 published by the authority of the City Council, the title phrase was added and it has appeared in every compilation published since that time, some of the compilations being made under the direct supervision of the City Attorney for the City of Denver. See, e.g., Compilations of 1914 and 1960.

It is Denver's contention that the portion of the section in question which requires all officers to be electors includes police officers and firemen, while the plaintiffs contend that the entire section in question is limited to elective officers.

■ It is true that policemen are officers under the Charter of Denver. *McNichols, Auditor v. People, ex rel. Cook,* 95 Colo. 235, 35 P. (2d) 863. There are, however, two categories of officers recognized by the Charter. In one category are the elective officers as set forth in Section 245 (now C. 1-C. 1.7) of the Charter. All other officers are appointive.

■ With this in mind, we look to the wording of the Charter provisions. Preceding all other words of import in the section is the phrase "when elected." This phrase constitutes a specific designation of the class of officer with which the framers of the Charter were concerned. That a specific designation controls following words of general import in determining the meaning and application of a statute or charter, is a principle generally recognized. *Gibson v. People,* 44 Colo. 600, 99 Pac. 333. The application of this doctrine to the case at bar is even more cogent when we consider Section 151 (now C. 5.2) of the Charter of 1904. There we find that every officer *elected or appointed* must take and subscribe to an oath of office, and both categories of officers are specifically named.

The obvious conclusion is that it was the intention of the people of Denver in adopting this provision to place in the Denver Charter the salutary principle of free government — that those elected to govern should come from the electors of that government. In the absence of express language to the contrary, however, the same principle does not apply to offices not filled by vote of the electors. See *Commonwealth ex rel. Fenner v. Newhart* (Pa.) 7 Luz. L.R. Rep. 344.

There is another impellent reason why the construction of the statute above indicated must control. Since 1906 the executive and administrative construction of this charter provision has limited its application to elective officers. Through the years, the chief legal officers of the City of Denver have authorized and approved the use of the title limiting the Charter provision in question to elective officers. Managers of safety preceding Schooley have for many years adopted this construction. For more than half a century there has been an unwavering executive and administrative construction to the same effect.

It is our function in interpreting statutes or charter provisions to ascertain and carry out the intent of the framers thereof. Contemporaneous construction of legislation, acquiesced in for many years by the authorities charged with its enforcement, is entitled to great weight in determining the intent of the framers. In the absence of clear error such a long established construction should not be overturned or disregarded by this Court. *Carter v. Denver*, 114 Colo. 33, 39, 160 P. (2d) 991; *Lavington v. Gano*, 112 Colo. 510, 150 P. (2d) 312; *Denver v. School District*, 94 Colo. 406, 30 P. (2d) 866.

The judgment is accordingly affirmed.