### In re REQUEST FOR ACCESS TO PUBLIC RECORDS DATED JANUARY 11, 1988.

### CIVIL SERVICE COMMISSION, City and County of Denver, Petitioner–Appellee,

v.

### John E. PINDER, Respondent–Appellant.

### No. 88CA1909.

Colorado Court of Appeals, Div. III.

Feb. 15, 1990.

Rehearing Denied March 22, 1990.

Certiorari Granted Sept. 4, 1990.

Stephen H. Kaplan, City Atty., Linda S. Kato, Asst. City Atty., Denver, for petitioner-appellee.

Shaver & Licht, John H. Licht, Denver, for respondent-appellant.

Opinion by Judge STERNBERG.

John E. Pinder, a Denver Police Officer, appeals from a summary judgment granted in favor of the Denver Civil Service Commission, which affirmed the Commission's denial of Pinder's requests to review the promotional examination for police sergeant which he failed. We reverse the summary judgment, and remand to the trial court with directions to order the Commission to release the examination and Pinder's results to him pursuant to § 24–72–204(2)(a)(II), C.R.S. (1988 Repl.Vol. 10B).

In November 1987, Pinder took the Denver Civil Service examination for promotion to police sergeant but did not achieve a high enough score to be eligible for such promotion. He subsequently sought to inspect the examination and his results so as to better prepare for the next test. The Commission denied his requests and sought a court order pursuant to § 24–72–204(6), C.R.S. (1988 Repl.Vol. 10B) to confirm the propriety of its denial of Pinder's requests.

On cross-motions for summary judgment, the trial court granted the Commission's motion, ruling that disclosure would cause substantial injury to the public interest. This appeal followed.

I.

Pinder's principal contention is that his request to review his promotional examination and his results is specifically permitted by § 24–72–204(2)(a)(II). We agree.

The Colorado Open Records Act contains a broad legislative declaration that all public records shall be open for inspection unless specifically excepted by law. Section 24–72–201, C.R.S. (1988 Repl.Vol. 10B). A public official has no authority to deny any person access to public records unless there is a specific statute permitting the withholding of the information requested. *Denver Post Corp. v. University of Colorado,* 739 P.2d 874 (Colo.App.1987). *See generally University of Pennsylvania v. Equal Employment Opportunity Commission,* —— U.S. ——, 110 S.Ct. 577, 107 L.Ed.2d 571 (1990).

The term "public records" means and includes "all writings made, maintained, or kept by the state or any agency, institution, or political subdivision thereof for use in the exercise of functions required or autho-

rized by law or administrative rule or involving the receipt or expenditure of public funds." Section 24–72–202(6), C.R.S. (1988 Repl.Vol. 10B). It is undisputed that the sergeant's examination and Pinder's results are public records within the meaning of this statute.

In pertinent part, § 24–72–204, C.R.S. (1988 Repl.Vol. 10B) reads:

"(1) The custodian of any public records shall allow any person the right of inspection of such records or any portion thereof except on one or more of the following grounds or as provided in subsections (2) or (3) of this section:

. . . .

"(2)(a) The custodian may deny the right of inspection of the following records, unless otherwise provided by law, on the ground that disclosure to the applicant would be contrary to the public interest:

. . . .

"(II) Test questions, scoring keys, and other examination data pertaining to administration of a licensing examination, examination for employment, or academic examination; except that written promotional examinations and the scores or results thereof conducted pursuant to the state personnel system or any similar system *shall be available for inspection,* but not copying or reproduction, *by the person in interest* after the conducting and grading of any such examination." (emphasis added)

A person in interest "means and includes the person who is the subject of a record or any representative designated by said person...." Section 24–72–202(4), C.R.S. (1988 Repl.Vol. 10B).

A plain reading of § 24–72–204 shows that, although "any person" shall have the right to inspect public records, disclosure of "test questions, scoring keys, and other examination data" may be withheld from the applicant for such data if disclosure would be contrary to the public interest, except that written promotional exams and the results thereof "shall be available for inspection, but not copying or reproduction, by the person in interest...."

Thus, the statute mandates that persons in interest shall have access to promotional examinations and their own results. Because statutory words and phrases should be given effect according to their plain and ordinary meaning, *Charnes v. Lobato,* 743 P.2d 27 (Colo.1987), we conclude that Pinder's request was improperly denied.

## II.

■ The Commission argues that the statutory scheme permits the withholding of the information Pinder requested because the public interest would be harmed by its release. We disagree.

### A.

Section 24–72–204(2)(a) says that the custodian of records *"may* deny the right of inspection of the following records, *unless otherwise provided by law,* on the ground that disclosure to the applicant would be contrary to the public interest." (emphasis added) Section 24–72–204(2)(a)(II) is just such a provision which by law provides that promotional examinations *"shall* be available for inspection ... *by the person in interest...."* (emphasis added) Therefore, the custodian of the record, in this case the Commission, is not empowered by this statute to withhold the examination or Pinder's results on a basis of detriment to the public interest.

If a specific designation, such as who "shall" be permitted to see promotional examinations, follows words of general import, such as when a custodian "may" deny the right of inspection as contrary to the public interest, then the specific designation controls. *Bowman v. Eldher,* 149 Colo. 551, 369 P.2d 977 (1962).

### B.

■ The Commission also contends that § 24–72–204(6) permits a trial court to restrict disclosure of a record such as that which Pinder seeks if disclosure would damage the public interest. We disagree.

In pertinent part, that statute reads:

"If, in the opinion of the official custodian of any public record, disclosure of the contents of said record would do substantial injury to the public interest, *notwithstanding the fact that said record might otherwise be available to public inspection,* he may apply to the district court of the district in which such record is located for an order permitting him to restrict such disclosure...." (emphasis added)

By its terms, this subsection allows a trial court to consider withholding only those records that would otherwise be available to public inspection. But, Pinder's promotional examination and his results are not available for public inspection; instead, under § 24–72–204(2)(a)(II), they are specifically available only to the person in interest. Therefore, contrary to the Commission's assertions, a balancing test such as that enunciated in *Martinelli v. District Court,* 199 Colo. 163, 612 P.2d 1083 (1980), or the one which was apparently applied by the trial court here is not applicable. *See also Denver Post Corp. v. University of Colorado, supra.*

### III.

Because of our construction of § 24–72–204(2)(a)(II), it is unnecessary to consider Pinder's contentions regarding alternative bases for his entitlement to disclosure.

The judgment is reversed, and the cause is remanded to the trial court with directions to order the Commission to release to Pinder the sergeant's examination and his results pursuant to the provisions of § 24–72–204(2)(a)(II), C.R.S. (1988 Repl.Vol. 10B).

PLANK and NEY, JJ., concur.