677 S.E.2d 16

The AMERICAN PETROLEUM INSTITUTE and BP
Products North America Inc., Petitioners,

v.

SOUTH CAROLINA DEPARTMENT OF REVENUE, The State
of South Carolina, Andre Bauer, in his official capacity as
President of the South Carolina Senate and Glenn F. McCon-
nell, in his official capacity as President Pro Tempore of the
South Carolina Senate, and Robert W. Harrell, Jr., in his
official capacity as Speaker of the House of Representatives,
Respondents.

The South Carolina Petroleum Marketers
Association, Intervenors.

No. 26645.

Supreme Court of South Carolina.

Heard Jan. 6, 2009.
Decided May 4, 2009.

Dwight F. Drake, C. Mitchell Brown, B. Rush Smith, III, and A. Mattison Bogan, all of Nelson Mullins Riley & Scarborough, of Columbia, for Petitioners.

Bradley S. Wright and Charles F. Reid, both of Columbia, for Respondent Robert W. Harrell, Jr.

Michael R. Hitchcock and Kenneth M. Moffitt, both of Columbia, for Respondents Andre Bauer and Glenn F. McConnell.

Ronald W. Urban and Milton G. Kimpson, both of Columbia, for Respondent South Carolina Department of Revenue.

Attorney General Henry D. McMaster and Assistant Deputy Attorney General J. Emory Smith, Jr., both of Columbia, for Respondent State of South Carolina.

William L. Howard, Sr., Stephen L. Brown, Lea B. Kerrison, and Russell G. Hines, all of Young Clement Rivers LLP, of Charleston, for Intervenor South Carolina Petroleum Marketers Association.

Christian Stegmaier and Amy L. Neuschafer, both of Collins & Lacy, of Columbia for Amicus Curiae South Carolina Association of Convenience Stores.

James G. Carpenter, of Carpenter Law Firm, of Greenville, for Amicus Curiae SC Public Interest Foundation.

William L. Taylor, of Taylor & Powell, of Alexandria, VA, for Intervenor Petroleum Marketers Association.

Alphonse M. Alfano, of Bassman, Mitchell & Alfano, of Washington, DC, for Intervenor Petroleum Marketers.

Justice PLEICONES.

■ We accepted this matter in our original jurisdiction to address Petitioners' claim that Act 338 enacted by the General Assembly in 2008 violates the one subject rule of the South Carolina Constitution, Article III, § 17. We agree with Petitioners.

The General Assembly ratified 2008 Act No. 338 on June 5, 2008. The Governor vetoed the legislation days later and the General Assembly then voted to override the veto. The final version of the bill contains three main sections and a fourth section providing the effective date. The first section, entitled "Sales tax exemption," amends S.C.Code Ann. § 12–36–2120 to provide that certain energy efficient products purchased for noncommercial use are exempted from sales tax. The second section, entitled "Sales tax exemption; Second Amendment Recognition Act," amends S.C.Code Ann. § 12–36–2120 to provide that sales of handguns, rifles, and shotguns during the "Second Amendment Weekend" are exempted from sales tax. The third section, entitled "Terminal and other requirements," amends Article 3 of Title 12, Chapter 28 by adding the following section:

Section 12–28–340.

(A) Regardless of other products offered, a terminal, as defined in Section 12–28–110(56), located within the State must offer a petroleum product that has not been blended with ethanol and that is suitable for subsequent blending with ethanol.

(B) A person or entity must not take any action to deny a distributor, as defined in Section 12–28–110(17), or retailer, as defined in Section 12–28–110(52), who is doing business in this State and who has been registered with the Internal Revenue Service on Form 637(M) from being the blender of record afforded them by the acceptance by the Internal Revenue Service of Form 637(M).

(C) A distributor or retailer and a refiner must utilize the Renewable Identification Number (RIN) trading system. Nothing in this section should be construed to imply a market value for RINs.

The Act was originally introduced in the Senate and contained only the language that ultimately became the first

section, relating to sales tax exemptions for energy efficient products. The House then amended the bill to add a sales tax holiday for firearms.[1] Finally, upon return to the Senate, the section regarding fuel blending was added, over the objection of the sponsor of the original form of the Act. The Governor vetoed the Act and returned it to the Senate. Among the stated reasons for the veto was the Governor's finding that the Act was unconstitutional as violative of Article III, § 17 of the South Carolina Constitution. The House and Senate then overrode the Governor's veto.

Petitioners filed a complaint seeking a declaratory judgment that section 3 of the Act is unconstitutional as violating the one subject provision of Article III, § 17 of the South Carolina Constitution. Petitioners asked this Court to entertain the matter in its original jurisdiction and to temporarily enjoin implementation of section 3 of the Act. We granted the petition and issued the temporary injunction as to section 3.

## STANDARD OF REVIEW

Article III, § 17 is to be liberally construed so as to uphold an Act if practicable. *Sloan v. Wilkins*, 362 S.C. 430, 608 S.E.2d 579 (2005). Doubtful or close cases are to be resolved in favor of upholding an Act's validity. *Id.*

## ANALYSIS

### A. Act 338 violates the one subject rule of the S.C. Constitution.

Article III, § 17 of the South Carolina Constitution is entitled "One subject" and provides that "[e]very Act or resolution having the force of law shall relate to but one subject, and that shall be expressed in the title." S.C. Const. art. III, § 17. The purpose of Article III, § 17 is: (1) to apprise the members of the General Assembly of the contents of an act by reading the title; (2) to prevent legislative "log-rolling"; and (3) to inform the people of the State of the matters with which the General Assembly concerns itself.

---

1. The sales tax holiday for firearms took place prior to the argument of this case.

*S.C. Pub. Serv. Auth. v. Citizens and S. Nat'l Bank of S.C.,* 300 S.C. 142, 162, 386 S.E.2d 775, 786–87 (1989).

■ The title of an act "need not be an index to every provision of the act" in order to "apprise members of the General Assembly" and "inform the people of the State." *Carll v. S.C. Jobs–Economic Dev. Auth.,* 284 S.C. 438, 442, 327 S.E.2d 331, 334 (1985). Here the title is in fact an index to each of the three provisions, so both the General Assembly and people are on notice.

■ What remains for consideration is whether the Act constitutes legislative log-rolling, thus invalidating the Act in part or in its entirety. "Log rolling" is a "legislative practice of including several propositions in one measure . . . so that the legislature . . . will pass all of them, even though these propositions might not have passed if they had been submitted separately." Black's Law Dictionary 849 (7th ed.1999). To prevent this practice, our constitution requires that an act relate to only one subject. *Hercules, Inc. v. S.C. Tax Comm'n,* 274 S.C. 137, 262 S.E.2d 45 (1980).

Petitioners contend that section 3 of the Act violates the one subject rule. Respondents do not contend that section 3 is related, noting in brief that they "do not seek to defend the constitutionality of Section 3, but rather submit that Sections 1 and 2 relate to one subject in compliance with Article III, § 17. . . ."

Intervenor South Carolina Petroleum Marketers Association (Intervenor) argues that all three sections pertain to one subject since (1) sections 1 and 2 provide tax exemptions while section 3 protects a tax credit and (2) all three sections provide a direct benefit to South Carolina businesses.

We are not persuaded by Intervenor's arguments. Intervenor's assertion that all three sections deal with either tax exemptions or tax credits requires an unduly expansive and conjectural view of section 3. While sections 1 and 2 specifically set forth tax exemptions, protection of a tax credit is not specifically mentioned in section 3. Instead, section 3 requires, among other things, that motor fuel terminals offer petroleum products that have not been blended with ethanol and that distributors, retailers, and refiners utilize the Renewable Iden-

tification Number Trading System. The legislature may have any number of reasons for these requirements. Moreover, the statute mandates only delivery of the unblended fuel to local "jobbers." There is no requirement that the fuel actually be blended for purposes of the federal tax credit. Intervenor's second point is similarly speculative.[2]

It is also significant that the heading for section 3, found in the body of the Act, makes no mention of taxes, though the headings for sections 1 and 2 do so explicitly. Section 1 is entitled "Sales tax exemption," section 2 "Sales tax exemption; Second Amendment Recognition Act," and section 3 "Terminal and other requirements."

For the reasons stated above, we find that the provisions of Act 338 do not relate to one subject. The Act is therefore violative of Article III, § 17 of the South Carolina Constitution.

## B.  Act 338 is unconstitutional in its entirety.

■ Having found a violation of the constitution, we must consider whether any portion of the Act is severable. Both Petitioners and Respondents urge us to sever section 3 from the Act, as the "offending provision," if we find that the one subject rule is violated. However, we find that to sever only part of the unconstitutional act would require this Court to go beyond its proper role and to intrude into the province of the legislature. We therefore are constrained to find the entire Act violative of Article III, § 17.

Recent precedent from this Court stands for the proposition that an Act which offends Article III, § 17 of the South Carolina Constitution may merely be shorn of its "offending provision" where "the constitutional portion of the legislation remains complete in itself, wholly independent of that which is rejected, and is of such a character that it may fairly be presumed the legislature would have passed it independent of that which conflicts with the constitution." *Wilkins*, 362 S.C.

---

2.  Intervenor candidly acknowledged that if jobbers were to "splash blend" unblended fuel, they would be afforded a significant economic benefit in the form of tax credits. This serendipitous by-product of the legislation does not remove its infirmity.

at 439, 608 S.E.2d at 584. We take this opportunity to reconsider the remedy for violations of the one subject rule.

First, we find that the notion that the Court may excise an "offending provision" is inherently flawed since all provisions in an act which does not address one subject are "offending" provisions. In the instant case, sections 1 and 2 offend the one subject provision of our constitution equally as much as section 3.

Second, in order to sever the "unconstitutional portion" of an act so as to bring it into harmony with the one subject rule, this Court must ascertain which subject is the "proper" subject, that is, the one actually intended by the General Assembly. In the instant case, while this Court may find that the three provisions of the statute do not concern the same subject, current practice would require the Court to decide whether the proper subject is, for example, sales tax exemptions or fuel blending in order to determine which provision(s) to sever. To examine an act passed in package form, and to then choose which portion to excise and which to keep would require the Court to usurp the prerogative of the General Assembly and thus act as a super-legislature.

We therefore hold that Act 338 is unconstitutional in its entirety, though we emphasize that our holding shall not apply to acts passed prior to or contemporaneous with the act considered in the instant case. We again recognize that we are departing from recent precedent, including *S.C. Pub. Interest Found. v. Harrell,* 378 S.C. 441, 663 S.E.2d 52 (2008). We are compelled to do so out of respect for the proper functions of the legislature and of the judiciary. *See Henderson v. Evans,* 268 S.C. 127, 130, 232 S.E.2d 331, 333 (1977) ("it is not the province of this Court to perform legislative functions."); *State v. Byrd,* 267 S.C. 87, 91–92, 226 S.E.2d 244, 246 (1976) ("when a court is called upon to determine the constitutionality of a legislative enactment, it must be careful not to usurp the legislative function."); *Hadden v. S.C. Tax Comm'n,* 183 S.C. 38, 46, 190 S.E. 249, 253 (1937) (Supreme Court is not a lawmaking body.). The "bright-line" rule announced today will deter log-rolling, provide certainty, and avoid arbitrary judicial enforcement of the one subject rule.

## CONCLUSION

It is for the General Assembly to enact legislation and, in so doing, to determine the proper subject of an act. It is the duty of this Court to determine if, in enacting legislation, the General Assembly has exceeded the bounds of our constitution.

For the reasons stated above, we find that Act 338 violates Article III, § 17 of the South Carolina Constitution. Therefore, we declare that the Act is unconstitutional in its entirety.

TOAL, C.J., WALLER, BEATTY and KITTREDGE, JJ., concur.