JUSTICE KITTREDGE :
Edward Sloan and the South Carolina Public Interest Foundation (collectively, Appellants) filed suit alleging Act 275 of 2016 violated article III, section 17 of the South Carolina Constitution (the One Subject Rule).[1] Appellants claim Act 275's title is insufficient and its provisions relate to more than one subject, violating the One Subject Rule. The trial court dismissed the complaint on numerous grounds. We do not address all of these issues but elect to resolve the appeal on the merits. While the Court has not hesitated to strike down legislation that violates the One Subject Rule, the Court has also respected the separation of powers doctrine and upheld legislation where a close question is presented. The constitutional challenge to Act 275 does not present a close question-Act 275 manifestly complies with the One Subject Rule. The trial court's dismissal of the complaint is affirmed.
I.
In 2016, the South Carolina General Assembly passed Act 275, and the Governor signed it into law. Act No. 275, 2016 S.C. Acts 1807. Act 275 has three parts, including Part I: "Governing the Improvement of the State's Transportation Infrastructure System;" Part II: "Funding the Improvement of the State's Transportation Infrastructure System;" and Part III: "Transition Provisions and Effective Date." Act No. 275, 2016 S.C. Acts at 1809, 1818, 1853 (some emphasis omitted).
The stated purpose of Act 275 was "improving the state's transportation infrastructure system." Act No. 275, 2016 S.C. Acts at 1854. Act 275 makes financial changes to the State Highway Fund and structural changes to the Commission of the Department of Transportation (Commission), the Secretary of Transportation, the Joint Transportation Review Committee, the Department of Transportation (DOT), and the State Transportation Infrastructure Bank. Further, Act 275's title indexes all of its key provisions. Act No. 275, 2016 S.C. Acts at 1807-55.
Appellants allege that Act 275 violates the One Subject Rule because the title does not state its general purpose and its provisions relate to more than one subject. At the trial court level, the judge dismissed Appellant's case for lack of standing and failure to state a claim. While the trial court purported to dismiss the action for failure to state a claim, it ruled upon the merits, finding Act 275 complied with the One Subject Rule. Appellants appealed arguing, among other things, that Act 275 violates the One Subject Rule. We certified this case from the court of *807 appeals pursuant to Rules 203(d)(1)(A)(ii) and 204(a), SCACR.
II.
The issue before the Court is whether Act 275 violates the One Subject Rule.[2] For reasons we will explain, we hold Act 275 complies with the One Subject Rule and affirm on the merits.
Pursuant to the One Subject Rule, "Every Act or resolution having the force of law shall relate to but one subject, and that shall be expressed in the title." S.C. Const. art. III, § 17. "The purpose of [the One Subject Rule] is to prevent the General Assembly from being misled into passing bills containing provisions not indicated in their titles, and to apprise the people of the subject of proposed legislation and thus give them an opportunity to be heard if they so desire." Keyserling v. Beasley , 322 S.C. 83, 86, 470 S.E.2d 100, 102 (1996) (citations omitted). The One Subject Rule "is to be liberally construed so as to uphold [an a]ct if practicable." Id. "Doubtful or close cases are to be resolved in favor of upholding an [a]ct's validity." Id. Additionally, the One Subject Rule "does not preclude the [General Assembly] from dealing with several branches of one general subject in a single act." Id. The One Subject Rule has two requirements: (1) the topics of an act must reasonably and inherently relate to each other, and (2) the title of an act must put the General Assembly and public on notice of its provisions. Id. at 87, 470 S.E.2d at 102 ; Hercules Inc. v. S.C. Tax Comm'n , 274 S.C. 137, 141-42, 262 S.E.2d 45, 48 (1980).
Appellants contend Act 275 violates the One Subject Rule because (1) the title does not state the subject in general terms; and (2) Act 275 pertains to more than one subject because it contains both structural and financial provisions and makes modifications to several different state agencies. We disagree.
The title of Act 275 provides notice to the General Assembly and public, fulfilling the title requirement and purpose of the One Subject Rule. The title requirement is satisfied if the title states the subject in general terms or indexes the key provisions of an act. Hercules , 274 S.C. at 142, 262 S.E.2d at 48 (finding a title is sufficient when it states the general subject of the act); see also Am. Petroleum Inst. v. S.C. Dep't of Revenue , 382 S.C. 572, 577, 677 S.E.2d 16, 18 (2009) (holding that a title of an act need not index every provision, but when it does, it is sufficient to meet the title requirement of the One Subject Rule). Act 275's extremely lengthy title indexes all of its key provisions. Act No. 275, 2016 S.C. Acts at 1807-09. Therefore, Act 275's title puts the General Assembly and public on notice, satisfying the title requirement of the One Subject Rule.
Further, all of Act 275's provisions reasonably and inherently relate to the same general subject; the improvement of the state's transportation infrastructure system. It is of no consequence that Act 275 deals with several different state agencies. We have held that the General Assembly can deal with several branches of a general subject in a single act. See Keyserling , 322 S.C. at 86, 470 S.E.2d at 102 (finding the One Subject Rule does not prevent the General Assembly from dealing with several branches of a general subject); S.C. Pub. Serv. Auth. v. Citizens & S. Nat'l Bank of S.C. , 300 S.C. 142, 162, 386 S.E.2d 775, 787 (1989) (concluding it "would be impractical and time-consuming to require the legislature to pass a separate act on every separate branch of a subject"). It is then for the Court to determine whether an act's provisions reasonably and inherently relate to one general subject. An act's provisions reasonably and inherently relate to the same subject if they provide the means to facilitate that subject. Keyserling , 322 S.C. at 87, 470 S.E.2d at 102. We find the structural changes Act 275 makes to the five state agencies (the DOT, Commission, Secretary of Transportation, Joint Transportation Review Committee, and State Transportation *808 Infrastructure Bank) all facilitate the General Assembly's clear purpose of improving the state's transportation infrastructure system. Therefore, all of the structural changes made to these agencies reasonably and inherently relate to this same general subject, satisfying the One Subject Rule.[3]
III.
In conclusion, the title notifies the General Assembly and public of Act 275's provisions, and all of its provisions reasonably and inherently relate to the improvement of the state's transportation infrastructure system. As a result, we hold Act 275 complies with the One Subject Rule.
AFFIRMED.
BEATTY, C.J., HEARN, FEW and JAMES, JJ., concur.

See S.C. Const. art. III, § 17 ("Every Act or resolution having the force of law shall relate to but one subject, and that shall be expressed in the title.").

While lack of standing and mootness were also issues before the Court, because Act 275 manifestly does not violate the One Subject Rule, we do not address the remaining issues. Futch v. McAllister Towing of Georgetown, Inc. , 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999). We further note the General Assembly, out of an abundance of caution, took action to remedy the purported constitutional defect in Act 275. Again, we need not address the legislature's actions in 2018.

Appellants' reliance on South Carolina Public Interest Foundation v. Lucas , 416 S.C. 269, 786 S.E.2d 124 (2016), is misplaced. Lucas is inapplicable because it dealt with a general appropriations act, meaning all provisions had to relate to the raising and spending of tax monies. Act 275 is not a general appropriations act and is not restricted to the general subject of raising and spending tax monies.